**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Jesus Ortega-Diaz,<br><br>　　　　　Defendant. | No. CR-23-01626-001-TUC-RM (EJM)<br><br>**ORDER** |

　　　　Defendant Jesus Ortega-Diaz is charged by indictment with Conspiracy to Possess with Intent to Distribute Fentanyl and Heroin, Possession with Intent to Distribute Fentanyl and Heroin, Conspiracy to Import Fentanyl and Heroin, and Importation of Fentanyl and Heroin. (Doc. 8.) A firm trial is scheduled for October 28, 2024. (Doc. 26.)

　　　　Pending before the Court is the Government's Motion to Preclude Defense Expert Witness Testimony. (Doc. 38.) Defendant filed a Response (Doc. 40) and an updated Notice of Expert Testimony (Doc. 43). The Government filed a Reply. (Doc. 53.) The Court held a hearing on September 26, 2024, at which Defendant's proposed expert Louie R. Garcia ("Garcia") testified. (Doc. 61.)

## I.　　Legal Standard

　　　　A qualified expert may testify in the form of opinions if (1) the expert's "specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue"; (2) the expert's "testimony is based on sufficient facts or

data"; (3) "the testimony is the product of reliable principles and methods"; and (4) the expert has reliably applied the principles and methods to the facts of the case. Fed. R. Evid. 702. Rule 702 imposes a gatekeeping obligation upon the trial court to ensure that expert testimony is both relevant and reliable. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)). This gatekeeping requirement is meant to ensure "that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152.

In a criminal case, an expert witness is prohibited from stating "an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Fed. R. Evid. 704(b). However, Rule 704(b) does not prohibit a qualified expert from testifying in a drug smuggling case to opinions regarding whether most drug couriers know they are carrying drugs. *Diaz v. United States*, 602 U.S. __, 144 S. Ct. 1727, 1733-34 (2024).

Under Federal Rule of Criminal Procedure 16(b)(1)(C)(iii), a defendant's expert disclosure must include: (1) a complete statement of the expert's opinions; (2) the bases and reasons for the opinions; (3) the witness's qualifications; and (4) a list of all other cases the expert has testified in during the previous four years.

## II. Garcia's Qualifications and Opinions

Garcia's curriculum vitae lists decades of experience in law enforcement, including as a special agent for the Department of Homeland Security's Homeland Security Investigations ("HSI"), and as the Immigration and Customs Enforcement Attaché at the U.S. Embassy in Mexico City, Mexico. (Doc. 30-1.) Defendant indicates in his Updated Notice of Expert Testimony that Garcia will testify regarding the structure and operations of Mexican drug cartels, including how they identify, recruit, and direct drivers to smuggle drugs through U.S. ports of entry. (Doc. 43 at 4-6.) Garcia will further testify that Mexican drug cartels sometimes use blind mules to transport narcotics

into the United States, and he will describe how cartels select blind mules and conceal drugs in the blind mules' vehicles. (*Id.* at 6-9.) Defendant avers that Garcia learned of Mexican drug cartels' smuggling methods during the course of his career by leading large-scale investigations of Mexican drug cartels; arresting and interviewing hundreds of narcotics smugglers; recruiting and directing numerous confidential sources; and infiltrating Mexican drug cartels in undercover operations. (*Id.* at 2-3.) Defendant further avers that Garcia has stayed informed on current smuggling methods since his 2017 retirement by reading academic articles, government-issued reports, and news reports, and by speaking with law enforcement and confidential informant contacts that he developed during his career. (*Id.* at 3-4.)

At the hearing held on September 26, 2024, Garcia testified that, prior to his retirement, the majority of his work focused on Mexican and Colombian cartels. During his law enforcement career—which included undercover operations infiltrating the Sinaloa and Tijuana cartels—he learned about techniques used by Mexican cartels to smuggle narcotics through ports of entries, including the use of blind mules. He also investigated approximately 10-15 blind mule cases, in which a person was stopped at the border with drugs in his or her vehicle and was determined to have had no knowledge of the drugs. Garcia further testified that, since his retirement, he has stayed current on cartel smuggling tactics by reviewing open-source intelligence reports, media reports, podcasts, and books. The open-source intelligence reports do not normally include information about blind mules, and Garcia was unable to name any recent government-issued reports discussing blind mules. Garcia testified that he maintains relationships with agents and confidential informants, but he declined to provide the names of any of his sources.

### III. Discussion

The Government argues that several of the opinions disclosed in Defendant's Updated Notice of Expert Testimony fall short of satisfying the disclosure requirements of Federal Rule of Criminal Procedure 16 and that Garcia's proposed testimony is

irrelevant and unreliable. (Docs. 38, 53.) The Government contends that Garcia has not disclosed sufficient information concerning specific blind mule cases that he investigated during his law enforcement career, nor has he identified reliable bases for his opinions concerning current drug trafficking trends. (Doc. 38 at 8; Doc. 53 at 2-12.)

The Court will partially grant and partially deny the Government's Motion to Preclude. The Court finds that Garcia is qualified to testify as an expert on Mexican drug cartels' techniques and operations based on his many years of law enforcement experience specializing in cartel investigations. Furthermore, Garcia's specialized knowledge of cartels, including his knowledge of cartels' use of blind mules, will assist the trier of fact in understanding the evidence and determining facts in issue. Garcia's professional experience—including his drug seizure investigations, his undercover work, his development of confidential sources, and his interviews of narcotic smugglers—renders his opinions sufficiently reliable for purposes of Federal Rule of Evidence 702 to the extent the opinions are based on information obtained during the course of his law enforcement career. Defendant's Rule 16 disclosure is adequate to the extent it discusses the pre-retirement bases for Garcia's opinions. Accordingly, Garcia may testify to his opinions concerning cartels' techniques, operations, and use of blind mules to the extent those opinions are based on information obtained prior to his retirement from law enforcement. Garcia may not testify to information concerning charging recommendations or decisions, as such testimony is irrelevant under Federal Rule of Evidence 401 and any potential relevance is substantially outweighed by a danger of unfair prejudice under Rule 403.

Garcia may testify that cartels' use of blind mules remained consistent over the course of his career in law enforcement and that he therefore believes the practice has continued to remain consistent since his retirement. However, Garcia may not testify to opinions that he has formed based on information gleaned from undisclosed sources that he has communicated with since his retirement, as he has not provided sufficient information about such sources for this Court to evaluate the reliability of the bases of

those opinions. Furthermore, Garcia has not identified any recent government-issued reports that specifically discuss blind mules, nor has he shown the reliability of the social media and news reports that he has reviewed since his retirement; accordingly, Garcia may not testify to opinions formed based on his review of such information.

**IT IS ORDERED** that the Government's Motion to Preclude Defense Expert Witness Testimony (Doc. 38) is **partially granted and partially denied**, as set forth above.

Dated this 1st day of October, 2024.

_____
Honorable Rosemary Márquez
United States District Judge